[No. 19105.   Department One. — March 10, 1893.

## LA SOCIÉTÉ FRANÇAISE DE BIENFAISANCE MUTUELLE DE LOS ANGELES, RESPONDENT, *v.* HENRY WEIDMANN ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — PARTIES — AMENDED COMPLAINT — DEFI-
    CIENCY JUDGMENT — PARTNERSHIP. — In an action to foreclose a mort-
    gage, where a partnership was sued originally as one of the parties
    defendant, but in an amended complaint the members of such partner-
    ship were named individually as defendants, and the partnership was
    not named as defendant, a deficiency judgment against the partnership
    is erroneous.   The fact that the original complaint and summons were
    served upon the partnership is immaterial.

PLEADING — AMENDED COMPLAINT SUPERSEDES ORIGINAL. — When an
    amended complaint is filed and served, the original ceases to perform
    any function as a pleading.

APPEAL from a portion of a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Rosenbaum & Scheeline*, and *Reymert & Orfila*, for Appellants.

*Bicknell & Denis*, for Respondent.

PATERSON, J. — This is an appeal by Roth & Co. from that portion of the decree of foreclosure and order of sale which adjudges and decrees that if the moneys arising from the sale shall be insufficient to pay the amount found due to the plaintiff, together with the

costs and expenses of sale, the clerk shall docket a judgment for the balance against Roth & Co., a copartnership, together with interest on such deficiency judgment at the rate of seven per cent per annum, and also from the deficiency judgment against defendant entered by the clerk upon the return of the sheriff.

The action was commenced on October 22, 1890, and summons was issued on the same day. The defendants named in the original complaint were Henry Weidmann and Roth & Co., a copartnership composed of A. Roos, S. Scheeline, and Joseph Roth. The note and mortgage upon which the action was based were executed and delivered by defendant Weidmann to the plaintiff March 29, 1888. It was alleged in the complaint "that the defendant Roth & Co., a copartnership composed of A. Roos, S. Scheeline, and Joseph Roth, have, or claim to have, some interest in or claim upon said premises, or some part thereof, as purchasers, mortgagees, and judgment creditors, or otherwise, which interest or claims are subsequent to and subject to the lien of the plaintiff's mortgage." A decree in the usual form was prayed for, including a deficiency judgment against Henry Weidmann in case the property should be sold for less than the amount of the judgment. Summons was duly served upon the defendants, but no appearance was made by any of them. On November 12, 1891, plaintiff filed an amended complaint, in which the defendants named were " Henry Weidmann, A. Roos, S. Scheeline, and Bertha Roth, A. F. Benard, and O. Bozio, executrix and executors, respectively, of the last will of Joseph Roth, deceased." In this amended complaint it was alleged that on January 22, 1890, Weidmann sold and conveyed the property to "A. Roos, S. Scheeline, and Joseph Roth, they — the said Roos, Scheeline, and Roth — then constituting the firm of Roth & Co., of the city of San Francisco"; that the deed contained the following provision: "Subject, however, to a certain mortgage of two thousand dollars held by the French benevolent society of Los Angeles, Califor-

nia, which payment the grantees herein hereby assume and agree to pay."

This amended complaint was served upon all of the defendants, none of whom appeared. The court heard the evidence offered by the plaintiff, and thereupon rendered the decree, which includes the deficiency judgment against Roth & Co., above referred to. The property was sold by the sheriff, who reported to the court that he had sold the land at public auction to the plaintiff, who was the highest bidder therefor, for the sum of two thousand dollars. After deducting his fees and expenses, amounting to the sum of $54.50, there remained a balance due and unsatisfied of $1,265.75. Thereupon the clerk made the proper entries in the judgment docket for a deficiency judgment against the appellants, and in favor of the plaintiff, for the sum of $1,265.75.

It is claimed by the appellant that there is nothing in the complaint upon which to base the deficiency judgment against Roth & Co., and we think the contention is sound. The partnership was not named as a party defendant in the amended complaint. When the amended complaint was filed and served, the original ceased to perform any function as a pleading, and the fact that service of the summons and the original complaint was made upon Roth & Co. is immaterial. It is claimed by respondent that "after the amendment of the complaint the action retained its identity, whatever the title given in the amended complaint, and each member of the firm being sued, the firm was sued." This proposition as to the effect of an amended complaint adding or dropping parties defendant is palpably erroneous, but the amended complaint shows very clearly that the conveyance by Weidmann was not to the firm of Roth & Co., but to Roos, Scheeline, and Roth as tenants in common. It is alleged in the complaint that "said A. Roos, S. Scheeline, and Joseph Roth did thereby assume and agree to pay," etc.; also, "that the defendants A. Roos, S. Scheeline, and Bertha Roth, A. F. Lenard, and O. Bozio, executrix and executors of the

estate of said Joseph Roth, have, or claim to have, some interest in or claim upon said premises." The prayer of the complaint is for judgment against "the said defendants Henry Weidmann, A. Roos, S. Scheeline, and Bertha Roth, A. F. Benard, and O. Bozio," and for judgment and execution against the defendants for any deficiency. Conceding that a partnership, as such, can take a conveyance of land, the language of the deed itself cannot be construed as a grant to the copartnership. It is as follows: "That the said party of the first part [Weidmann], for and in consideration of the sum of four thousand dollars, . . . . does by these presents grant, bargain, sell, and convey unto the said party of the second part, and to their *heirs* and assigns forever, . . . . subject, however, to a certain mortgage of two thousand dollars, . . . . which payment the grantees herein hereby assume and agree to pay, . . . . to have and to hold all and singular the said premises, . . . . unto the said parties of the second part, and to their *heirs* and assigns forever."

That portion of the decree described in the notice of appeal, and the deficiency judgment entered by the clerk against Roth & Co., are reversed.

HARRISON, J., and GAROUTTE, J., concurred.