Pérez et al., Plaintiffs and Appellees, *v.* Arrieta et al., Defendants and Appellants.

Appeal from the District Court of San Juan in an Election Contest.

No. 2445.—Decided July 9, 1921.

Election Contest—Pleading—Amendment.—When the original complaint in an election contest is amended, without objection by the defendants or by the court, it becomes obsolete and can not support a judgment.

Id.—Judgment on Pleadings—Discretion of Court.—Subdivision 1 of section 3 of the Act of March 7, 1906, on election contests does not authorize a judgment on the pleadings because instead of answering the defendant filed a demurrer and a motion to strike out within ten days after service of the amended complaint. In such a case the court may rule on the demurrer and motion and if it overrules them it may permit the defendant to file an answer even after the expiration of the ten days.

Id.—Id.—Construction of Law.—In order that in an election contest the allegations of the complaint not controverted by the answer may be admitted to be true it is necessary that there be an answer, for in the absence of an answer the provisions of section 3 of the act on election contests can not be applied. The legislature, in drafting the said section, only reenacted the provision of section 132 of the Code of Civil Procedure with regard to ordinary actions in which every essential allegation not controverted by the answer is admitted to be true, the plaintiff being thus relieved from proving it.

The facts are stated in the opinion.

*Mr. L. Feliú* for the appellants.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellees.

Mr. Chief Justice Hernández delivered the opinion of the court.

On January 17, 1921, plaintiffs Manuel Pérez Cabán, Jacinto Matías, José María Barroso, Adrián Ocasio and Arturo Ruíz de la Rosa filed an amended complaint in the District Court of San Juan, Section 2, against Rafael Arrieta, Fran-

cisco J. Salas, Adolfo López, Valentín Marrero and Salus-
tiano Remigio in which they alleged that they were the can-
didates of the Unionist party of Porto Rico for members of
the Municipal Assembly of Toa Baja; that the defendants
were the candidates of the Republican party of Porto Rico
for the same offices in the election held in this Island on
November 2, 1920; that in accordance with the returns the
defendants were declared by the Governor of Porto Rico to
have been elected by a majority of 39 votes, and that the
corresponding certificate of election was issued to each of
them, with the exception of Francisco J. Salas, who died on
October 24, or eight days prior to the election, without being
substituted by another candidate. They also made several
allegations tending to attack the validity of the election of
the defendants and to alter the result of the returns which
determined their election, concluding with a prayer for judg-
ment to the effect that the plaintiffs had been elected mem-
bers of the Municipal Assembly of Toa Baja, with all other
relief to which they might be entitled.

Eight days thereafter, or on January 25, 1921, the defend-
ants filed a demurrer for lack of a cause of action and a mo-
tion to strike certain allegations from the complaint, and
before the demurrer and the motion to strike had been dis-
posed of the plaintiffs filed on February 15 a motion for
judgment on the pleadings on the following grounds: First,
because the defendants had not filed in the clerk's office of
the court an answer to the complaint within ten days after
having been summoned, in accordance with section 3 of the
Act providing for contests of elections of March 7, 1906.
Second, because the defendants had filed a demurrer for
lack of cause of action, the virtual effect of such demurrer
being an admission of each and all of the facts alleged in
the complaint and the demurrer not being the pleading pre-
scribed by section 3 of the Act.

After having considered the demurrer and the motion to

strike filed by the defendants, as well as the motion of the plaintiffs for judgment on the pleadings, the court, on February 24, 1921, entered a judgment which reads as follows:

"For the reasons stated in the accompanying opinion, and an answer not having been filed in the clerk's office of this court in accordance with section 3 of an Act to provide for contests of elections of officers other than members of the Legislature and Resident Commissioner to the United States, approved March 7, 1906, and considering the facts alleged under oath in the amended complaint and not controverted by the defendants, the court considers these facts to be true and adjudges that Manuel Pérez Cabán, Jacinto Matías, José María Barroso, Adrián Ocasio and Arturo Ruíz de la Rosa, the plaintiffs, were elected as members of the Municipal Assembly of Toa Baja in the election held on November 2, 1920, in the said municipality instead of Rafael Arrieta, Francisco J. Salas, Adolfo López, Valentín Marrero and Salustiano Remigio, the defendants, the former being entitled to the said offices; and it is ordered and adjudged that the said defendants be ousted from the said offices and that the necessary writs issue to establish the plaintiffs in the full enjoyment of the said offices as members of the Municipal Assembly of Toa Baja, and for the corresponding privileges and emoluments inherent thereto, with the costs against the defendants."

In the opinion which served as a basis for the judgment, after holding for certain stated reasons that the motion to strike and the demurrer for lack of cause of action should be overruled, the court went on to consider the motion for judgment on the pleadings and disposed of it in the following language:

"It is based (the said motion) on the ground that the defendants did not file in the clerk's office of the court an answer to the complaint within ten days after having been summoned, in accordance with section 3 of the said Act (contests of elections). And also on the ground that the demurrer for lack of cause of action interposed against the complaint virtually admitted the truth of each and all of the facts alleged therein.

"The original complaint, filed on December 30, was not answered.

The defendants only presented a demurrer on the ground that it failed to state a cause of action and was ambigous, unintelligible and uncertain, and also filed a motion to strike. There was no discussion of these questions, as has been stated, because the plaintiffs filed an amended complaint on January 17. After an examination of the original complaint the court is of the opinion that although it is defective it states facts sufficient to constitute a cause of action, that is, to justify an investigation and review, the result of which, according to the evidence, might be favorable or adverse to the claims of the plaintiffs. Perhaps the court would have ordered the complaint to be amended so as to make it more precise and explicit. The said complaint was not answered in the manner required by section 3 of the said Act for contesting the elections of certain officers.

"The amended complaint was served on the attorney for the defendants and, as has been said, he filed in their names the motion to strike and the demurrer we have just overruled. He has raised no question as to whether or not it was proper to amend the complaint in accordance with the general rules of the Code of Civil Procedure and before hearing the demurrer and motion interposed against the original complaint. Nor has an answer been made to the amended complaint nor permission been asked of the court to file an answer. The only act of the defendants in that regard has been to move the court in the last paragraph of the brief delivered to the undersigned on February 18 that in case the demurrer and the motions should be overruled, the defendants should be allowed not more than five days within which to file an answer.

"The special Act on which this action is based, the Act of March 7, 1906, provides in section 3 as follows:

" 'Within ten days after receiving the copies of the notice and complaint provided for in section two of this act, the person holding such certificate of election shall file with the secretary of the court a written reply to such statement under oath, after having served copy thereof on the contestant, his agent or attorney. Matters alleged in the statement, and not denied by the answer, shall be taken as true upon the trial.'

"It is true that section 4 of that Act provides that in trials of contests of elections the procedure in civil cases shall govern; but this can not be construed in such a manner as to invalidate or contravene the express provisions of the special Act. That procedure

must be taken into account only in so far as they are not contrary to the latter, or to supply the latter's omissions. This is a special proceeding and all the requirements of the statute governing it must be strictly followed. 18 P. R. R. 630.

"The court is of the opinion that it has no discretional power to permit the defendants to file an answer after the lapse of the ten days allowed by section 3 of the Act. It is of the opinion that a verified answer should have been filed within ten days after notice of the complaint. This time having expired, the answer is not admissible. The court has no authority to admit it.

"The matters alleged in the original or amended complaint, in the absence of an answer, must be admitted as true without the necessity of a trial.

"Therefore, the court is of the opinion that it should sustain the motion of the plaintiffs for a judgment on the pleadings."

The reasoning of the court as to the original complaint is superfluous, inasmuch as when it was amended, without objection by the defendants or by the court, the original complaint ceased to have any value as the basis for a judgment, according to the repeated jurisprudence of the Supreme Court of California and of this court. *French Soc.* v. *Widman,* 97 Cal. 507; *Schneider* v. *Brown,* 85 Cal. 205; *Mott* v. *Mott,* 82 Cal. 413.

The amendment of the original complaint deprived the plaintiffs of any right which they might have had against the defendants on account of their failure to answer the original complaint within the time fixed by subdivision 1 of section 3 of the Act of March 7, 1906, copied by the court below into its opinion.

In this case that section can not be applied to the original complaint, for when it was amended it was substituted by the amended complaint. But confining ourselves to the legal status created by the amended complaint and without taking into consideration the original complaint, the question is whether or not that section authorizes a judgment on the pleadings for the failure of the defendants to answer the

said amended complaint within ten days after notice thereof had been given to them. We are of the opinion that it does not. Subdivision 1 of section 3 of the Act provides only that within ten days after receiving the copies of the notice and complaint the defendant shall file with the clerk of the court a verified reply to the statement of the contestant, and that matters alleged in the statement and not denied by the answer shall be taken as true upon the trial.

Hence, in order that the matters alleged in the complaint and not denied by the answer may be admitted as true at the trial, it is an indispensable requisite that there should be an answer, for in the absence of an answer there are not the necessary conditions for the application of that provision. And the Legislature did nothing more than to repeat the provisions of section 132 of the Code of Civil Procedure for ordinary actions that all material allegations of the complaint not controverted by the answer must be taken as true and the plaintiff is relieved from proving them.

Having arrived at the conclusion that section 3 of the Act providing for election contests makes no provision for a case like the present where there is no answer to the amended complaint and where, also, the defendants filed a demurrer to the said complaint and a motion to strike out certain of its allegations, we must now determine what law must be applied in order to decide whether or not it was proper to enter judgment on the pleadings.

Section 4 of the Act providing for election contests reads as follows:

"In trials of contests of election the procedure in civil cases shall govern: *Provided,* That amendments to pleadings must be made within two days after leave therefor has been obtained, unless the court, for good cause shown, grants further time in which to amend: *And provided further,* That demurrers to the pleadings shall be heard and disposed of as soon after they are filed as possible without prejudice to the material rights of the parties, or either of them."

This section authorizes, as may be seen, amendments and demurrers to the pleadings and at the same time provides that in trials of contests of election the procedure in civil cases shall govern; therefore in cases not provided for in the Act governing election contests we must resort to the ordinary civil procedure.

Section 194 of the Code of Civil Procedure enumerates the cases in which judgment may be entered when the defendant fails to answer the complaint and subdivisions 1 and 2 thereof expressly provide that the default of the defendant shall be entered before judgment is rendered. The said section refers to a case where the defendant does not appear and demur to the complaint, for when such is the case section 107 provides that if the plaintiff amends his complaint the defendant must answer the amendments, or the complaint as amended, within ten days after service thereof, or such other time as the court may direct, and judgment by default may be entered upon failure to answer, as in other cases.

The court simultaneously disposed of the demurrer for failure to state a cause of action and the motion to strike pleaded by the defendants, and also the motion of the plaintiffs for judgment on the pleadings, the defendants having no time within which to answer the complaint and being thus deprived of a substantial right, particularly as the judge himself stated in his opinion that the defendants moved that in case the demurrer and the motion to strike should be overruled, they should be allowed not more than five days within which to file an answer.

The court believed that it had no discretionary power to permit the defendants to file an answer after the lapse of the ten days prescribed in section 3 of the Act, but that section, as we have said, was not applicable to this case, inasmuch as there was an amended complaint to which the defendants had demurred and the question of whether or not

they had to answer the amended complaint depended on the ruling on the demurrer.

The court had authority to allow the defendants to answer after it had overruled the demurrer and in holding the contrary it committed a manifest error in violation of section 107 of the Code of Civil Procedure.

And it can not be argued that in demurring to the amended complaint the defendants admitted all the facts alleged, thus placing the court in a position to enter the judgment appealed from. That admission may be considered to have been made for the purpose of considering the demurrer, but not for rendering a judgment.

For the foregoing reasons the judgment appealed from must be reversed and the case remanded for proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.