PÉREZ ET AL., DEMANDANTES Y APELADOS, *v.* ARRIETA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre impugnación de elección.

No. 2445.—Resuelto en julio 9, 1921.

IMPUGNACIÓN ELECTORAL—ENMIENDAS A LA DEMANDA ORIGINAL.—Una vez enmendada la demanda original presentada en una acción sobre impugnación electoral, sin oposición de los demandados ni de la corte, deja de tener valor alguno para fundamentar en ella una sentencia.

Id. — Sentencia sobre las Alegaciones — Discreción Judicial. — La sección 3, apartado 1, de la Ley de marzo 7, 1906, sobre impugnación de elecciones no autoriza el pronunciamiento de sentencia sobre las alegaciones por el hecho de que el demandado en vez de contestar radicara excepción previa y moción para eliminar dentro de los diez días de haber sido notificado de la demanda enmendada. En tal caso la corte de distrito tiene facultad para resolver la excepción y la moción eliminatoria y si las declara sin lugar tiene discreción para permitir al demandado radicar su contestación aún cuando hubiera transcurrido el término de diez días antes citado.

Id.—Certeza de Alegaciones no Contradichas—Interpretación de la Sección 3 de la Ley sobre Impugnación de Elecciones.—Para que se admitan como ciertas en una acción sobre impugnación de elecciones las materias alegadas en la demanda no contradichas en la contestación, es necesario que haya una contestación, pues en ausencia de ésta faltan términos hábiles para aplicar la sanción que la sección 3 de la Ley sobre Impugnación de Elecciones establece. Y la Legislatura no hizo otra cosa que declarar en dicha sección lo mismo que dispone el Código de Enjuiciamiento Civil en su artículo 132 para las acciones ordinarias y corrientes en las cuales toda alegación esencial no controvertida en la contestación se tiene por cierta quedando el demandante relevado de probarla.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Feliú.*

Abogados de los apelados: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Los demandantes Manuel Pérez Cabán, Jacinto Matías, José María Barroso, Adrián Ocasio y Arturo Ruíz de la Rosa, radicaron con fecha 17 de enero de 1921 en la Corte de Distrito de San Juan, Sección Segunda, una demanda enmendada contra Rafael Arrieta, Francisco J. Salas, Adolfo López, Valentín Marrero y Salustiano Remigio, en cuya demanda después de consignar que ellos fueron los candidatos por el Partido "Unión de Puerto Rico" para miembros de la Asamblea Municipal de Toa Baja y los demandados candidatos para los mismos puestos por el Partido "Republicano Puertorriqueño" en las elecciones celebradas en esta Isla el día 2 de noviembre del año anterior, 1920, y que de acuerdo con el escrutinio verificado los demandados fueron declarados electos por el Gobernador de Puerto Rico, por una mayoría

de 39 votos, habiéndose expedido a cada uno de ellos el correspondiente certificado de elección, excepción hecha de Francisco J. Salas, por haber fallecido en 24 de octubre, ocho días antes de las elecciones, sin que su nombre fuera sustituído por el de otro candidato, hicieron varias alegaciones tendentes a impugnar la validez de la elección de los candidatos demandados y alterar el resultado del escrutinio que determinó su elección, concluyendo con la súplica de que se dictara sentencia declarando electos para miembros de la Asamblea Municipal de Toa Baja a los demandantes, con todos los demás pronunciamientos a que tengan derecho.

Ocho días después, o sea, el día 25 de enero, 1921, los demandados radicaron una excepción previa de falta de causa de acción y una moción eliminatoria de ciertas alegaciones de la demanda; y estando pendientes de resolución la excepción y la moción de eliminación, los demandantes radicaron en 15 de febrero siguiente una moción para que se dictara sentencia sobre las alegaciones, por los siguientes fundamentos: Primero, porque los impugnados demandados no habían radicado en la secretaría de la corte su contestación a la demanda dentro de los diez días de recibidas las copias de la notificación de la demanda de acuerdo con lo que prescribe la sección tercera de la Ley sobre Impugnación de Elecciones, aprobada en 7 de marzo de 1906; segundo, porque los demandados habían presentado una excepción previa de falta de causa de acción, siendo la virtualidad de dicha excepción previa la admisión como ciertos de todos y cada uno de los hechos alegados en la demanda, no siendo dicha excepción previa la alegación que prescribe la sección tercera.

Oídas tanto las excepción previa y moción eliminatoria de los demandados como la moción de los demandantes para que se dictara sentencia sobre las alegaciones, la corte dictó sentencia en 24 de febrero de 1921, que textualmente dice así:

"Por los fundamentos de la opinión que se acompaña, y no habiéndose radicado en la secretaría de esta corte una contestación de

acuerdo con los requisitos establecidos en la sección tercera de la ley proveyendo el procedimiento para impugnar la elección de funcionarios excepto los miembros de la Legislatura y el Comisionado a los Estados Unidos, aprobada el 7 de marzo de 1906; vistas las alegaciones juradas de la demanda enmendada no contradichas por los demandados, la corte las tiene como ciertas y declara a Manuel Pérez Cabán, Jacinto Matías, José María Barroso, Adrián Ocasio y Arturo Ruiz de la Rosa, demandantes, miembros electos de la Asamblea Municipal de Toa Baja por virtud de las elecciones celebradas el día 2 de noviembre de 1920 en aquel municipio, en lugar de Rafael Arrieta, Francisco J. Salas, Adolfo López, Valentín Marrero y Salustiano Remigio, demandados, por tener los primeros derecho a dichos cargos; decretando el desposeimiento de dichos demandados de los referidos cargos y ordena que se libren los necesarios mandamientos para instalar a los demandantes en el pleno goce de los referidos cargos de miembros de la Asamblea Municipal de Toa Baja, y de los correspondientes privilegios y emolumentos inherentes a dichos cargos, con costas a los demandados.''

En la opinión que sirve de fundamento a la sentencia, el juez después de resolver mediante las consideraciones atinentes, que procedía declarar sin lugar tanto la moción de eliminación como la excepción previa de falta de causa de acción, pasa a examinar la moción para el pronunciamiento de sentencia sobre las alegaciones y se expresa en los siguientes términos:

''Se funda (dicha moción) en que los demandados no radicaron en la secretaría de la corte una contestación a la demanda dentro de los diez días de haber sido notificados con una copia de la misma de acuerdo con lo que prescribe la sección tercera de la mencionada ley (sobre impugnación de elecciones.) Y además, en que la excepción previa de falta de causa de acción que se interpuso contra la demanda, virtualmente admitió como ciertos todos y cada uno de los hechos alegados en ella.

''La demanda original radicada el 30 de diciembre no fué contestada. Los demandados se limitaron a formular contra ella una excepción previa por falta de causa de acción y por ser ambigua, ininteligible y dudosa y además una moción para eliminar. No hubo discusión sobre esas cuestiones porque como se ha dicho, los demandantes radicaron su demanda enmendada el 17 de enero. Examinando la

demanda original la corte cree que aunque defectuosa, aduce hechos suficientes para determinar una causa de acción, esto es, justificativos de una investigación y revisión, cuyo resultado fuese, según la prueba, favorable o adverso a las pretensiones de la parte actora. La corte quizás hubiese ordenado la enmienda de dicha demanda para hacerla más precisa y explícita. Dicha demanda no fué contestada en la forma que exije la sección tercera de la citada ley sobre impugnación de elecciones de ciertos funcionarios.

"La demanda enmendada fué notificada al abogado de los demandados quien como se ha dicho, interpuso a nombre de ellos la moción para eliminar y la excepción previa que acabamos de desestimar. No ha promovido cuestión alguna acerca de si era o no procedente enmendar la demanda de acuerdo con las reglas generales del Código de Enjuiciamiento Civil y antes de discutirse las excepciones y moción contra la demanda original. Tampoco se ha presentado contestación a esta demanda enmendada ni se ha pedido permiso a la corte para radicar una contestación. El único acto en ese sentido, de los demandados ha sido el de pedir a la corte en el último párrafo del alegato escrito entregado al juez que suscribe el día 18 de febrero, que en el caso de desestimar la excepción y las mociones discutidas se concediera a los demandados un término no mayor de cinco días para radicar su contestación.

"La ley especial en que se funda esta acción, o sea la de 7 de marzo de 1906, en su sección tercera dispone:

" 'Dentro de los diez días de recibidas las copias de la notificación de la demanda dispuestas en la sección segunda de esta ley, la persona a cuyo favor se hubiere extendido el acta o certificado de elección·entregará al secretario de la corte una contestación, bajo juramento, al escrito del impugnador, después de entregada copia del mismo a éste o a su agente o abogado. Las materias alegadas en el escrito no contradichas en la contestación se admitirán como ciertas en el juicio.'

"Verdad es que la sección 4ª. de dicha ley establece que en los juicios de impugnación de elección se observarán las reglas que rijen para los procedimientos en asuntos civiles; pero esto no debe interpretarse en el sentido de desvirtuar o contravenir las disposiciones taxativas de la ley especial. Solamente deben tenerse presentes .aquellas reglas en tanto no las contradigan, o para suplir sus omisiones. Es este un procedimiento especial y deben cumplirse estrictamente todos los requisitos que señala el estatuto que lo regula. 18 D. P. R. 651.

"La corte cree que carece de facultad discrecional para permitir a los demandados que radiquen una contestación después de haber

transcurrido el plazo de diez días señalado en la sección tercera. Entiende que la contestación, bajo juramento, debió haberse radicado necesariamente ·dentro de los diez días después de notificada· la demanda. Transcurrido ese período de tiempo la contestación es inadmisible. La corte no tiene facultad de admitirla.

"Las materias alegadas en la demanda original o en la enmendada, faltando una contestación, deben admitirse como ciertas sin que sea necesario celebrar juicio.

"En su virtud, la corte entiende que debe acceder a lo pedido en la moción de los demandantes para que se dicte sentencia sobre las alegaciones."

Huelgan las consideraciones que hace la corte sobre la demanda original, pues una vez enmendada ésta sin protesta alguna por parte de los demandados y sin oposición por parte de la corte, dejó de tener valor alguno para fundamentar en ella una sentencia, según jurisprudencia repetida establecida tanto por la Corte Suprema de California como por esta Corte Suprema. *French Society* v. *Widman,* 97 Cal. 507; *Schneider* v. *Brown,* 85 Cal. 205; *Mott* v. *Mott,* 82 Cal. 413.

La enmienda a la demanda original privó a los demandantes de cualquier derecho que pudiera haberles correspondido contra los demandados por falta de contestación a la demanda primitiva dentro del término prefijado por la sección tercera, apartado primero, de la Ley de 7 de marzo de 1906 sobre impugnación de elecciones, que transcribe la corte inferior en su opinión.

Dicha sección en el caso presente no puede ser de aplicación a la demanda original o primitiva, pues ésta desde que fué enmendada fué sustituída por la demanda enmendada. Pero concretándonos al estado de derecho creado por la demanda enmendada y prescindiendo de toda consideración sobre la demanda original, cabe preguntar: ¿autoriza la sección transcrita el pronunciamiento de sentencia sobre las alegaciones por no haberse presentado contestación a dicha demanda enmendada dentro del término de diez días a

contar desde la fecha en que se hizo entrega de ella a los demandados? Opinamos que no. Esa sección tercera en su apartado primero sólo ordena que dentro de 'los diez días de recibidas las copias de la notificación y demanda, el demandado debe entregar al secretario de la corte una contestación bajo juramento al escrito del impugnador y que las materias alegadas en el escrito no contradichas en la contestación se admitirán como ciertas en el juicio.

De modo que es requisito indispensable para que se admitan como ciertas en el juicio las materias alegadas en la demanda no contradichas en la contestación, que haya una contestación, pues en ausencia de ésta faltan términos hábiles para la sanción que establece dicho precepto. Y la Legislatura no hizo otra cosa que declarar lo mismo que dispone el Código de Enjuiciamiento Civil en su artículo 132 para las acciones ordinarias y corrientes en las cuales toda alegación esencial no controvertida en la contestación se tiene por cierta quedando el demandante relevado de probarla.

Habiendo llegado a la conclusión de que la Ley sobre Impugnación de Elecciones en su sección tercera nada provee para un caso como el presente en que falta contestación a la demanda enmendada y en que además se opuso excepción previa a dicha demanda y fué presentada por los demandados moción eliminatoria de ciertas alegaciones de la demanda, nos toca examinar qué ley debe aplicarse para resolver si era procedente o no el pronunciamiento de sentencia sobre las alegaciones.

La sección cuarta de la Ley sobre Impugnación de Elecciones reza como sigue:

"En los juicios de impugnación de elecciones se observarán las reglas que rigen para los procedimientos en asuntos civiles. Disponiéndose que las enmiendas en los alegatos deberán hacerse dentro de dos días después de obtenido el permiso para ello, a menos que la corte por justa causa concediere más tiempo para hacerlas Y *disponiéndose, además;* que las excepciones perentorias a los alegatos se oirán y

resolverán cuanto antes fuere posible después de presentadas, sin perjuicio de los derechos esenciales de las partes o de cualquiera de ellas.''

La sección transcrita autoriza, como se ve, las enmiendas en los alegatos y las excepciones perentorias a los mismos y ordena a la vez que en los juicios de impugnación de elecciones se observen las reglas que rigen para los procedimientos en asuntos civiles, por lo que en los casos no previstos en los juicios de impugnaciones de elección, debemos acudir al procedimiento civil ordinario.

El artículo 194 del Código de Enjuiciamiento Civil enumera los casos en que podrá dictarse sentencia cuando el demandado dejare de contestar la demanda y por modo expreso dispone en sus números 1º. y 2º. que se anote la rebeldía del demandado antes del pronunciamiento de la sentencia. Dicho artículo se refiere al caso en que el demandado no compareciere y formulare excepciones previas a la demanda, pues cuando así fuere y el demandante enmendare la demanda, la ley ordena en su artículo 107 que el demandado deberá contestar a las enmiendas o demanda enmendada dentro de los diez días de su presentación o en cualquier otro término que señalare la corte, pudiendo dictarse sentencia en rebeldía si se dejare de contestar como en los demás casos.

La corte resolvió simultáneamente la excepción de falta de causa de acción y la moción eliminatoria de los demandados y la moción sobre pronunciamiento de sentencia de los demandantes, y los demandados no tuvieron término alguno para contestar la demanda, privándoles así de un derecho substancial máxime cuando el mismo juez consigna en su opinión que los demandados le pidieron que en el caso de desestimar la excepción y la moción eliminatoria se les concediera un término no mayor de cinco días para radicar su contestación.

La corte creyó que carecía de facultad discrecional para

permitir a los demandados que radicaran una contestación después de haber transcurrido el plazo de diez días establecido en la repetida sección tercera, pero esa sección, como hemos dicho, no era aplicable al caso por tratarse de una demanda enmendada contra la cual los demandados habían alegado una excepción previa y de cuya resolución dependía que tuvieran que contestar o no la demanda enmendada.

La corte tenía facultad para permitir a los demandados que radicaran su contestación después de haber desestimado la excepción previa propuesta y al estimar lo contrario cometió un manifiesto error con infracción del artículo 107 ya citado, del Código de Enjuiciamiento Civil.

Y no puede arguirse que al excepcionar la demanda enmendada el demandado aceptó todos los hechos de la misma y la corte se colocó en condiciones de dictar la sentencia apelada. Tal aceptación ciertamente debía tenerse por hecha como base para discutir la excepción previa, pero no para dictar una sentencia.

Por las razones expuestas es de revocarse la sentencia apelada y devolverse el caso al juez para procedimientos no inconsistentes con la presente opinión.

> *Revocada la sentencia apelada y ordenada la devolución del caso.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.